RECEIVED-CLERK
U.S. DISTRICT COURT

2005 FEB -4  A 10: 10

JS 2005

PITNEY HARDIN LLP
(MAIL TO) P.O. BOX 1945, MORRISTOWN, N.J. 07962-1945
(DELIVERY TO) 200 CAMPUS DRIVE, FLORHAM PARK, N.J. 07932-0950
(973) 966-6300

ATTORNEYS FOR Plaintiff
CIT Group Equipment Finance

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CIT GROUP EQUIPMENT FINANCE,    : | Civil Action No. 05- 722 JBS |
|         Plaintiff,    : | |
| v.    : | **COMPLAINT** |
|    : | |
| ANTONIO LOPEZ, individually;    : and LISA F. LOPEZ, individually,    : | |
|         Defendants.    : | |

Plaintiff CIT Group Equipment Finance, by its attorneys, Pitney Hardin LLP, complaining of defendants Antonio Lopez and Lisa F. Lopez (collectively the "Lopezes"), says:

## PARTIES, JURISDICTION AND VENUE

1.   Plaintiff CIT Group Equipment Finance ("CIT") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1540 West Fountainhead Parkway, Tempe, Arizona 85282.

2.   Defendant Antonio Lopez (collectively with Lisa F. Lopez, the "Lopezes"), on information and belief, resides at 1727 Biden Lane, Williamstown, New Jersey 08094.

3.   Defendant Lisa F. Lopez (collectively with Antonio Lopez, the "Lopezes"), on information and belief, resides at 1727 Biden Lane, Williamstown, New Jersey 08094.

4.   The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

5.   This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332.

6.   Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(a).

## ALLEGATIONS COMMON TO ALL COUNTS

7. On or about December 7, 1999, Centaur Financial Services, Inc. ("Centaur Financial") loaned the sum of $600,000 to the Lopezes for use in developing their private dental practice, which loan was secured, in part, by a Promissory Note (the "Note") and a personal guaranty (the "Guaranty") from the Lopezes. A true copy of the Note and the Guaranty is attached hereto as Exhibit A.

8. Pursuant to paragraph 1 of the Note, the Lopezes agreed "to pay to the order of [Centaur Financial] ... the Principal Amount ... together with interest...."

9. Pursuant to paragraph 1 of the Note, the Lopezes agreed to repay the Principal Amount "by Monthly Payments and [a] Balloon Payment...."

10. Pursuant to paragraph 1 of the Note, the Balloon Payment was "due at the end of the term [120 months] with the Final Monthly Payment."

3

11. Pursuant to paragraph 10 of the Note, the Lopezes would be considered to be in default if they "fail[] to make [] any payment due hereunder...."

12. Pursuant to paragraph 1 of the Note, upon event of default by the Lopezes, the entire unpaid amount due and owing would become "immediately due and payable without further notice, such further notice being expressly waived...."

13. Pursuant to paragraph 1 of the Note, "the [Lopezes} shall be liable to [Centaur Financial] for reasonable attorney's fees and the cost incurred in collecting or enforcing [the amounts due and owing]."

14. Pursuant to paragraph 9 of the Note, the Lopezes were to "pay with respect to each overdue payment on demand (I) any collection agency fees and expenses, plus (II) a late payment service fee equal to the greater of Fifteen Dollars ($15.00) or 15% of the late payment (but not to exceed $50.00), which [the Lopezes] agree is a reasonable approximation of the internal costs that [Centaur Financial] will incur as a result of [the Lopezes'] delay in payment (but not to exceed the highest rate permitted by law)."

15. On or about December 7, 1999, the Lopezes executed the Guaranty pursuant to which the Lopezes jointly and severally unconditionally guaranteed to Centaur Financial the full and prompt payment and performance of all of the Lopezes' present and future obligations to Centaur Financial under the Note, including payment to Centaur Financial of all losses, costs, attorney's fees or expenses incurred by Centaur Financial by reason of the Lopezes' default on the Note.

16. Pursuant to paragraph 15 of the Note, the Note inures to the benefit of Centaur Financial's successors and assigns.

17. The monies due under the Note were also secured by a Financing Statement, UCC-1 ("UCC-1"), executed by the Lopezes. A true copy of the UCC-1 is attached hereto as Exhibit B.

18. On or about December 7, 1999, Centaur Financial entered into an assignment agreement ("Assignment") with Newcourt Financial USA, Inc. ("Newcourt") pursuant to which Centaur Financial assigned its interests under the Note, Guaranty and UCC-1 to Newcourt. A true copy of the Assignment is attached hereto as Exhibit C.

19. On or around November 15, 1999, CIT acquired Newcourt and, as a result of the acquisition, became the successor in interest to Newcourt, thereby assuming Newcourt's rights under the Note, Guaranty and UCC-1.

20. On or about May 31, 2000, Newcourt was renamed CIT Group Equipment Finance.

21. In or around June 2004, the Lopezes defaulted under the terms of the Note by failing to make their payments when due.

22. By letters dated August 13, 2004 sent to the Lopezes individually at both their home address and business address, CIT notified the Lopezes that, as a result of their default under the Note, CIT had elected to accelerate all sums due and owing on the Note and demanded payment in full. True copies of the August 13, 2004 letters are attached hereto as Exhibit D.

23. By letters dated January 14, 2005 and January 17, 2005, CIT through its counsel notified the Lopezes that all monies under the Note were due and owing to CIT as a result of their default. True copies of the January 14, 2005 letter and the January 17, 2005 letter are attached hereto as Exhibit E.

24. Despite the demands made by CIT, the Lopezes remain in default on the Note and Guaranty.

## FIRST COUNT

25. CIT repeats and makes a part hereof the allegations set forth in paragraphs 1 through 24 of the Complaint.

26. Pursuant to the Note, and by virtue of the assignment of the Note to CIT, the Lopezes were obligated to make certain payments to CIT.

27. Despite their obligation to do so, the Lopezes have failed to make the loan payments due to CIT.

28. The Lopezes owe CIT, as of February 1, 2005, jointly and severally, the sum of $589,478.00, exclusive of attorneys' fees, late charges, costs or expenses owed to CIT.

29. The Lopezes' failure to make the agreed payments under the Note to CIT constitutes a breach of the Note which has damaged CIT.

WHEREFORE, Plaintiff CIT Group Equipment Finance demands judgment in its favor and against Defendants Antonio

Lopez and Lisa F. Lopez for compensatory and consequential damages, together with interest, late charges, attorneys' fees and costs of suit.

## SECOND COUNT

30. CIT repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 6 of the Complaint.

31. On or about December 7, 1999, Centaur Financial, for whom CIT is the successor in interest, loaned to the Lopezes monies for use in the development of their private dental practice.

32. The Lopezes have failed to repay CIT the monies loaned to them.

33. By failing to remit to CIT amounts due and owing, the Lopezes have been unjustly enriched to the detriment of CIT.

WHEREFORE, Plaintiff CIT Group Equipment Finance demands judgment in its favor and against Defendants Antonio Lopez and Lisa F. Lopez for compensatory and consequential damages, together with interest and costs of suit.

## THIRD COUNT

34. CIT repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 33 of the Complaint.

35. Pursuant to the terms of the Guaranty, the Lopezes absolutely and unconditionally guaranteed to CIT, as assignee of Centaur Financial, the prompt payment and performance of all of their present and future obligations to CIT under the Note, including payment to CIT for all losses, costs, attorney's fees or expenses of CIT.

36. Despite their obligation to do so and demand having been made by CIT, the Lopezes have failed to make any payment or perform, or cause themselves to perform, their obligations required under the Note.

37. Pursuant to the Guaranty, the Lopezes are jointly and severally liable to CIT for all sums arising from their default including, but not limited to, loan payments, interest, attorneys' fees, late charges, costs and expenses owed to CIT.

38. The Lopezes owe CIT, as of February 1, 2005, jointly and severally, the sum of $589,478.00, exclusive of attorneys' fees, late charges, costs or expenses owed to CIT.

WHEREFORE, Plaintiff CIT Group Equipment Finance demands judgment in its favor and against Defendants Antonio Lopez and Lisa F. Lopez for compensatory and consequential damages, together with interest, late charges, attorneys' fees and costs of suit.

PITNEY HARDIN LLP
Attorneys for Plaintiff
CIT GROUP EQUIPMENT FINANCE

By:     *Joy Harmon Sperling*
        (JOY HARMON SPERLING)
        A Member of the Firm

DATED: February 3, 2005

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

PITNEY HARDIN LLP
Attorneys for Plaintiff
CIT GROUP EQUIPMENT FINANCE


By: _Lori A. Jordan_____
         LORI A. JORDAN

DATED: February 3, 2005