IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CIT FINANCIAL USA, INC.,

             Plaintiff,

     v.

ANTONIO LOPEZ and LISA F. LOPEZ,

             Defendants.

HON. JEROME B. SIMANDLE

Civil Action
No. 05-722 (JBS)

**MEMORANDUM OPINION**

**SIMANDLE,** District Judge:

This matter comes before the Court upon the motion of Plaintiff CIT Financial USA, Inc., ("CIT") for summary judgment pursuant to Fed. R. Civ. P. 56(c).  Plaintiff brought this cause of action against defendants Antonio and Lisa Lopez ("Defendants") seeking to recover the outstanding amount on a defaulted loan for which Defendants signed a promissory note and personal guaranty.  For the following reasons, CIT's motion for summary judgment will be granted.

The Court finds as follows:

1.  Plaintiff CIT is a corporation organized under the laws of the State of Delaware, having it principal place of business at 1540 West Fountainhaed Parkway in Tempe, Arizona. CIT, previously named Newcourt Financial USA, Inc., is the successor-in-interest to Centaur Financial.

2.  Defendants Antonio and Lisa Lopez received a loan from

Centaur Financial Services, Inc., in the amount of $600,000, on or about December 7, 1999.  The loan was secured by a promissory note (the "Note") and a personal guaranty (the "Guaranty").  (Compl. ¶ 7.)  CIT recorded the loan when it filed a UCC-1 Financing Statement ("UCC-1").  (Id. at ¶ 17.)

3.   The Defendants defaulted on their loan in or around May 2004.  (Compl. ¶ 21.)  CIT advised Defendants of their default by letters dated August 13, 2004, January 14, 2005 and January 17, 2005.  (Id. at ¶¶ 22-23.)

4.   CIT filed a complaint against Defendants on February 4, 2005 alleging breach of the Note, unjust enrichment, and breach of the Guaranty. [Docket Item No. 1.]

5.   CIT filed a motion for summary judgment on January 5, 2006.  The motion is unopposed.[1]

---

[1]  In response to this Court's July 20, 2006 letter to Counsel for CIT, counsel for Defendants, Steven Neder, Esq., sent a two paragraph letter to the Court dated July 28, 2006 stating that "[t]here is a definite issue as to the amount [Defendants have] paid on this account...[and that counsel] submit[s] that there is a material fact in controversy and that summary judgment is not appropriate...."  (Letter from Steven Neder, Esq., dated 7/28/2006).  This Court finds that Defendants' counsel's letter does not constitute opposition to CIT's motion for summary judgment.  Under Local Civil Rule 7.1(d)(2), "briefs and papers in opposition to a motion, specifying the motion date on the cover page, with proof or acknowledgment of service thereof on all other parties, must be filed with the Clerk at least 14 days prior to the original motion date, unless the Court otherwise orders, or an automatic extension is obtained pursuant to L.Civ. R. 7.1 (d)(5)."  L. Civ. R. 7.1(d)(2).  The original motion date was February 3, 2006, thus Defendants' opposition was due on January 20, 2006.  Second, and more importantly than the lateness of response, Defendants have submitted no opposition in the form

6.  On a motion for summary judgment, the court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999)(citing Fed. R. Civ. P. 56(c)).  A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the nonmoving party fails to oppose the motion by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party

---

of affidavits as required by Rule 56(c), Fed. R. Civ. P., when
Plaintiff's summary judgment motion is supported by (cont'd)
affidavits.  The allegation in Mr. Neder's letter, to the effect
that his clients oppose summary judgment because they dispute the
payment history, is insufficient to raise any issue of fact,
since an affidavit is required setting forth admissible evidence
as to the alleged factual dispute.  Rule 56(e) also makes this
clear:

> ...When a motion for summary judgment is made and
> supported as provided in this rule, an adverse party
> may not rest upon the mere allegations or denials of
> the adverse party's pleading, but the adverse party's
> response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that
> there is a genuine issue for trial.  If the adverse
> party does not respond, summary judgment, if
> appropriate, shall be entered against the adverse
> party.

Rule 56(e), Fed. R. Civ. P.  Defendants had sufficient time to
respond to the motion and failed to do so.  Therefore, the Court
will consider Plaintiff's motion for summary judgment unopposed
under Rules 56(c) and 56(e), Fed. R. Civ. P.

with appropriate record support." <u>Anchorage Assocs. v. Virgin
Islands Bd. of Tax Rev.</u>, 922 F.2d 168, 175 (3d Cir. 1990)(quoting
<u>Jaroma v. Massey</u>, 873 F.2d 17, 21 (1st Cir. 1989)).  If the
nonmoving party has failed to establish a triable issue of fact,
summary judgment will not be granted unless "appropriate," and
only if movants are entitled to judgment as a matter of law.
Fed. R. Civ. P. 56(e); <u>see</u> <u>Anchorage Assocs.</u>, 922 F.2d at 175.

7.  There is no disputed issue of fact as to the terms of
the Note and Guaranty and Defendants' default and liability.  The
terms of the Note and Guaranty are clear and unambiguous.  Under
New Jersey law, the "construction of an unambiguous term in a
contract is 'exclusively within the court.'" <u>Nevets C.M. v.
Nissho Iwai Am. Corp.</u>, 726 F. Supp. 525, 531 (D.N.J. 1989).  "The
question whether a term is clear or ambiguous is also a question
of law." <u>Id.</u>

8.  Under the terms of the Note and Guaranty, Defendants
agreed to repay to Centaur Financial the principal amount of the
loan plus interest over a period of 120 months.  (Compl. at Ex.
A.)  Defendants were to make three monthly payments of $0.00,
three payments of $2,267.00, three payments of $4,534.00, three
payments of $6,801.00, and 108 payments of $9,068.00.  (<u>Id.</u>)
Pursuant to paragraph ten of the Guaranty, a borrower is in
default of the loan if he "fails to make any payment due
hereunder . . . ." (Guaranty at ¶ 10.)  Upon default, "the entire

4

unpaid indebtedness hereunder shall then become immediately due and payable without further notice . . . and the Borrower shall be liable to the holder hereof for reasonable attorney's fees and the cost incurred in collecting or enforcing such payment." (Id. at ¶1.)  In addition, if a monthly payment is not made on time, the Note requires the borrower to "pay with respect to each overdue on demand (I) any collection agency fees and expenses, plus (II) a late payment service fee equal to the greater of fifteen dollars or 15% of the late payment (but not to exceed $50.00). . . ." (Id. at ¶ 9.)

9.  Defendants timely made their monthly payments due under the Note between April 2000 and August 2002.  (Pl.'s Mot. for Summ. J. at 7.)  The monthly payments between September 2002 and April 2004 were made in full.  However, the payments were received late.  (Id. at 7-8.)  Defendants have not made any payments since May 2004.  (Id.)  All of these assertions are proved by the detailed updated Affidavit of Randy Angle (filed July 31, 2006), and the payment history information attached thereto in Exs. A, B, & C.

10.  By failing to make payments as of May 2004, Defendants violated the terms of the Note and Guaranty and are in default as of that date.

11.  Under New Jersey law, courts have enforced the terms of a guaranty and declined to relieve parties of their obligations

when the parties voluntarily entered into the agreement
understanding its terms, the transaction occurred in a commercial
setting, viable alternatives existed, and the parties were not
subject to oppression or unlawful surprise.  See First New Jersey
Bank v. F.L.M. Business Machines, Inc., 130 N.J. Super. 151, 162-
63 (Law Div. 1974).  Finding the presence of these factors, the
court enforced the terms of the guaranty.

12.  In the present case, Defendants knowingly and
voluntarily entered into the loan agreement.  (Answer ¶ 7.)  As
Plaintiff notes, "the Guaranty was signed in the context of a
commercial setting, by individuals who are managing and operating
their own business."  (Pl.'s Mot. for Summ. J. at 12.)
Therefore, this Court will enforce the clear and unambiguous
terms of the Note and Guaranty.  Defendants are liable to CIT for
the full amount of the loan due in principal and interest,
attorney's fees and late charges.

13.  There is also no disputed issue of fact as to the
amount owed by the Defendants.  In an unopposed summary judgment
motion, the court "will accept as true all material facts set
forth by the moving party with appropriate record support."
Anchorage Assocs., 922 F.2d at 175; see n. 1, supra.

14.  This Court finds that there is appropriate record
support for the amount owed in principal and interest under the
Note and Guaranty of $595,104.46, (see Aff. of Randy Angle at Ex.

B); attorney's fees in the amount of $35,445.54, (see Aff. of Joy Harmon Sperling at 6); late charges in the amount of $2,390.00, (see Angle Aff. at Ex. C); and research expenses in the amount of $449.16 (see Sperling Aff. at ¶ 10).

15. Under New Jersey law, attorney's fees may be recovered pursuant to an express term in a contract. In Papalexiou v. Tower West Condominium, 167 N.J. Super. 516, 530 (Ch. Div. 1979), the Chancery Division of the New Jersey Superior Court held that:

> [t]here is a general rule that there may be no recovery for legal expenses in an action for breach of contract unless statute, court rule, or contract provide otherwise. Allowing recovery pursuant to a voluntary agreement between the parties is viewed as part of the 'actual, reasonable and necessary expense' of the litigant and is not within the ambit of the court rule regarding counsel fees.

167 N.J. Super. at 530 (quoting Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super 206, 215 (App. Div. 1979)(internal citations omitted). The court also noted that the state "does not have a public policy which would prevail over the enforcement of an express contract between the parties." Id. at 531. Therefore, this Court finds that CIT is entitled to the full amount of the loan due in principal and interest, attorney's fees, and late charges.

16. Plaintiff has proved its contractual claim for reasonable attorney's fees and costs. The Sperling Affidavit, filed July 31, 2006, gives further detail of the calculation of

7

counsel's billings to the Plaintiff CIT for legal services in this collection case, including the levels of experience and hourly rates of the attorneys who worked on this case, the legal services rendered, the manner in which contemporaneous records are maintained and internally verified, the number of hours billed for each attorney's work (measured in tenths of an hour), and the actual billing to the client CIT after a discount of the total bill.  This net amount of $35,445.54 is reasonable given the contours of this litigation, which included ample discovery, court conferences, motion practice, mediation in the court-annexed program under L. Civ. R. 301.1, and the present motion practice.  This total for attorney's fees is also reasonable given the judgment obtained, as the attorney's fees represent less than 6 percent of the total recovery of $595,104.96. Defendants are contractually liable to pay these fees, which will be incorporated in the accompanying judgment.

17.  This Court also finds that CIT has incurred legal research fees in the amount of $449.16 owed in costs and expenses, which was paid for computer associated legal research and is also reasonable and contractually recoverable.  This sum is added to the above amounts and will be included in the accompanying Order.

**CONCLUSION**

8

For the foregoing reasons, CIT motion for summary judgment will be granted as to Defendants' liability under the Note and Guaranty and the amount due for principal and interest on the loan, attorneys' fees, late charges and expenses ($633,392.16).

**August 9, 2006**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge